EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

ALBERTSON'S LLC, an Idaho Limited Liability Company, and DOES 1 through 20, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

FRANK SURRELL, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court
Central Justice Center
700 W. Civic Center Drive, Santa Ana, CA 92701

CASE NUMBER: *(Número del Caso):* 30-2023-01318737-CU-WT-CJC
Judge John C. Gastelum

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ruben Limonjyan, Esq., 700 N. Central Ave., Suite 240 Glendale, CA 91203; Phone: 213.277.7444

DATE: 04/11/2023 DAVID H. YAMASAKI, Clerk of the Court Clerk, by *(Secretario)* K. Climer, Deputy *(Adjunto)*
*(Fecha)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Albertson's LLC, an Idaho Limited Liability Company

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify)*: Entity Form Unknown

4. ☐ by personal delivery on *(date)*:

Electronically Filed by Superior Court of California, County of Orange, 04/11/2023 09:54:52 AM.
30-2023-01318737-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

Ruben Limonjyan, Esq. (SBN 305307)
rlimonjyan@lawgroupla.com
Zara Arakelyan, Esq. (SBN 297677)
zarakelyan@lawgroupla.com
**LIMONJYAN LAW GROUP, APC**
700 N. Central Avenue, Suite 240
Glendale, CA 91203
Tel: (213) 277-7444
Fax: (213) 866.9636

Attorneys for Plaintiff,
FRANK SURRELL

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

FRANK SURRELL, an individual,

Plaintiff,

vs.

ALBERTSON'S LLC, an Idaho Limited Liability Company, and DOES 1 through 20, Inclusive,

Defendants.

Assigned for All Purposes
Case No.: Judge John C. Gastelum
30-2023-01318737-CU-WT-CJC

**COMPLAINT FOR DAMAGES**

1. **DISABILITY DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
2. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
3. **FAILURE TO PROVIDE REASONABLE ACCOMODATIONS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
4. **AGE DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
5. **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
6. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
8. **WRONGFUL FAILURE TO HIRE IN VIOLATION OF THE FAIR**

) EMPLOYMENT AND HOUSING ACT
) 9. WILLFUL FAILURE TO PAY WAGES

**DEMAND OVER $25,000**

**DEMAND FOR JURY TRIAL**

FRANK SURRELL ("Plaintiff") is informed and believes, and alleges thereon, the following:

## PARTIES, VENUE, AND JURISDICTION

1. Plaintiff, at all times relevant to this action, resided in Riverside County, California.

2. Plaintiff is informed and believes, and thereon alleges that ALBERTSON'S LLC ("Defendant") is an Idaho Limited Liability Company with its principal place of business in Orange County, California.

3. The unlawful acts pleaded herein occurred in Orange County, California.

4. Venue is proper in Orange County pursuant to Code of Civil Procedure §§ 395(a), 395.5 and California Government Code § 12965.

5. Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

6. At all times relevant to this action, each of the fictitiously named defendants was an employee, agent, servant, partner, member, shareholder, officer, director, co-conspirator, or alter ego of Defendants, and was acting within the course and scope of such agency or employment.

7. Each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and such defendants directly and proximately caused Plaintiff's injuries as herein alleged.

8. Pursuant to CAL. GOV'T CODE §§12960, *et seq.*, Plaintiff filed a charge against Defendants with the California Department of Fair Employment and Housing ("DFEH") on April 10, 2023, less than three years from the date of most recent actionable offense. On April 10, 2023, Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

## FACTUAL ALLEGATIONS



LIMONJYAN LAW GROUP

9. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

10. On or about December 5, 1990, Plaintiff began working for Defendant as a driver delivering groceries to different locations. Plaintiff worked to Defendant's satisfaction throughout the duration of his long-term employment.

11. On or about June 3, 2020, Plaintiff was injured during the course and scope of his employment. That same day, on or about June 3, 2020, Plaintiff's visited a doctor who placed him off work until or about December 2020 at which time he was allowed to return to work with restrictions. As a result, the Defendant placed him on light duty doing office work.

12. Sometime in or about January 2021, Defendant placed him back to his driving position and had him work a sixth day based on need. Shortly thereafter, Defendant's doctor placed an additional restriction of not working more than 5 days per week. Defendant honored the restriction and Plaintiff continued working in his driver position 5 days per week.

13. On or about August 8, 2022, Plaintiff received work restrictions from his doctor of "no prolonged sitting which would be a 15-minute break every hour and no lifting, pushing, pulling, over 25 pounds. I do not recommend that he return to work in his usual and customary occupation."

14. On or about September 6, 2022, Gilbert Covarrubias ("Mr. Covarrubias"), Defendant's Human Resources Manager, informed him that based on the August 8, 2022, restrictions, Defendant would have to terminate his position as a driver. Mr. Covarrubias informed Plaintiff that if a position was available for him, Defendant would inform him of such.

15. After not hearing back from Mr. Covarrubias, on or about October 21, 2022, Plaintiff inquired about other positions to which Mr. Covarrubias invited Plaintiff to apply for other positions on his own that were available on Defendant's "careers" portal. Plaintiff searched for other positions and informed Mr. Covarrubias that he would need Defendant's help in deciding whether he was qualified for the positions based on his restrictions. On or about October 27, 2022, Mr. Covarrubias once again put the onus on Plaintiff and instructed him to look for other positions on his own without offering any of the positions as Defendant was aware of the restrictions and the positions that were available.



LIMONJYAN LAW GROUP

16. Mr. Covarrubias failed to engage in the interactive process with Defendant and failed to follow up with Plaintiff about possible employment with Defendant in any other capacity. Instead, on or about December 15, 2022, Defendant sent Plaintiff a final check paying him out for all of his vacation hours that were owed to him between December 5, 2021, and December 4, 2022. However, Defendant failed to pay Plaintiff for the 200 hours of vacation pay that vested as of December 5, 2022, and has not paid out the said vacation pay to date.

17. Plaintiff was left embarrassed, ashamed, emotionally hurt, and in financial desperation for having been directly discriminated against for having a disability, taking a medical leave of absence, and returning to work with restrictions, despite over three decades of outstanding and loyal service to Defendant.

**FIRST CAUSE OF ACTION**

**DISABILITY DISCRIMINATION IN VIOLATION OF**

**THE FAIR EMPLOYMENT AND HOUSING ACT**

18. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

19. At all times relevant to this action, Plaintiff was employed by Defendant.

20. At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

21. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m), because of his disability and/or being regarded as disabled.

22. At all times relevant to this action, Defendant unlawfully discriminated against Plaintiff, as previously alleged, on the basis of his disability and need for accommodations, by terminating him.

23. Defendant was substantially motivated to terminate Plaintiff because of his disability and need for accommodations.

24. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

LIMONJYAN LAW GROUP

continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

25. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

26. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

27. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as its unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. Defendant also acted fraudulently, as it willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

28. Plaintiff is informed and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and was subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## SECOND CAUSE OF ACTION

## FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

29. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.



LIMONJYAN LAW GROUP

30. At all times relevant to this action, Plaintiff was employed by Defendant.

31. At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

32. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m), because of Plaintiff's disability and/or being regarded as disabled.

33. Defendant unlawfully failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations despite the fact that it had actual and constructive knowledge of his disability, in violation of CAL. GOV'T CODE §§ 12940(n) and 12926.1(e), as previously pled herein.

34. Defendant's failure to engage in a good faith interactive process with Plaintiff was substantially motivated by his disability, as previously pled herein.

35. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

36. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

37. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

38. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as its unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and

LIMONJYAN LAW GROUP

conscious disregard for Plaintiff's rights. Defendant also acted fraudulently, as it willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

39. Plaintiff is informed and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and was subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**

**IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

40. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

41. At all times relevant to this action, Plaintiff was employed by Defendant.

42. At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

43. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(m), because of Plaintiff's disability and/or being regarded as disabled.

44. At all times relevant to this action, Defendant unlawfully failed to provide Plaintiff reasonable accommodations in violation of CAL. GOV'T CODE § 12940(m) despite the fact that it had actual and constructive knowledge of his disability and need for accommodations, and Plaintiff's actual and constructive requests for accommodations.

45. Defendant's failure to accommodate Plaintiff was substantially motivated by his disability and need for accommodations, as previously pled herein.

46. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity



LIMONJYAN LAW GROUP

have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

47. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

48. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

49. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as its unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. Defendant also acted fraudulently, as it willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

50. Plaintiff is informed and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and was subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## FOURTH CAUSE OF ACTION

**AGE DISCRIMINATION IN VIOLATION OF**

**THE FAIR EMPLOYMENT AND HOUSING ACT**

51. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

52. At all times relevant to this action, Plaintiff was an employee of Defendant.

53. At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

54. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of Cal. Gov't Code §§ 12940(a), 12926(b), and 12941 because he was over the age of 40.

55. At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of Cal. Gov't Code §12926(d).

56. At all times relevant to this action, Defendant unlawfully discriminated against Plaintiff, as previously alleged, on the basis of his age.

57. Defendant was substantially motivated to terminate Plaintiff, at least in part, by his age. Plaintiff believes this for many reasons, including Plaintiff's need for accommodations mixed with his advanced age of approximately 63 years old at the time of his termination, which rendered him as "damaged goods." Moreover, after working for over three decades Plaintiff ultimately earned a high wage of 31.43 per hour, which made him a financial burden and his termination allowed Defendant to replace him with younger and significantly less expensive employees. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

58. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

59. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

60. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

LIMONJYAN LAW GROUP

61. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as its unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. Defendant also acted fraudulently, as it willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

62. Plaintiff is informed and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and was subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

**FIFTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

63. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

64. At all times relevant to this action, Plaintiff was employed by Defendant.

65. At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

66. At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain from discriminating and retaliating against any employee on the basis of age, disability, requests for reasonable accommodations, medical leave of absence, and opposition to unlawful conduct related thereto.

67. Defendant engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

68. Plaintiff's assertion of his rights under CAL. GOV'T CODE §12900 *et seq.* and opposition to unlawful conduct was a substantial motivating reason for Defendant's decision to retaliate against and terminate him. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set

LIMONJYAN LAW GROUP

forth herein.

69. At all times relevant to this action, Defendant unlawfully retaliated against Plaintiff, in violation of CAL. GOV'T CODE §§ 12940(h), 12940(m)(2), by terminating him.

70. Defendant's retaliatory termination of Plaintiff's employment was substantially motivated by his age, disability, requests for reasonable accommodations, medical leave of absence, and opposition to unlawful conduct related thereto, as previously pled herein.

71. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

72. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

73. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

74. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as its unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. Defendant also acted fraudulently, as it willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

75. Plaintiff is informed and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and was subsequently authorized and ratified by it as well by

LIMONJYAN LAW GROUP

and through its officers, directors, and/or managing agents.

## SIXTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

76. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

77. At all times relevant to this action, Plaintiff was employed by Defendant.

78. At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

79. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a), 12926(b), 12926(m), and 12941, because of Plaintiff's age, disability and/or being regarded as disabled.

80. At all times relevant to this action, Defendant unlawfully discriminated and retaliated against Plaintiff, as previously alleged, on the basis of his age, disability, medical leave of absence, and need for accommodations, by terminating his employment.

81. Defendant was substantially motivated to terminate Plaintiff on the basis of his age, disability, taking a medical leave of absence, and needing for accommodations, as previously pled herein.

82. Defendant failed to take reasonable steps to prevent the unlawful discrimination and retaliation during Plaintiff's employment, as previously pled, in violation of CAL. GOV'T CODE §12940(k), even when management level employees of Defendant became aware of the discriminatory and retaliatory conduct. Instead, Defendant terminated Plaintiff in bad faith.

83. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is



LIMONJYAN LAW GROUP

ascertained.

84. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

85. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

86. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as its unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. Defendant also acted fraudulently, as it willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

87. Plaintiff is informed and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and was subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## <u>SEVENTH CAUSE OF ACTION</u>

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

88. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

89. At all times relevant to this action, Plaintiff was employed by Defendant.

90. At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain from terminating any employee on the basis of age, disability, being regarded as disabled, requests for reasonable accommodations, and/or medical leaves of absence as previously pled herein.

91. Defendant's conduct as previously alleged was in retaliation for Plaintiff's assertion of rights under CAL. GOV'T CODE §§12900 *et seq.*

92. Plaintiff's assertion of his rights under CAL. GOV'T CODE §§12900 *et seq.* was a substantial motivating reason for Defendant's decision to terminate Plaintiff. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

93. CAL. GOV'T CODE §§12900 *et seq.* evinces a policy that benefits society at large, was well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

94. Defendant's wrongful termination of Plaintiff's employment was substantially motivated by his age, disability, being regarded as disabled, requests for reasonable accommodations, and/or medical leaves of absence.

95. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

96. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

97. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

98. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as its unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. Defendant also acted fraudulently, as it willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of

LIMONJYAN LAW GROUP

employment benefits. Accordingly, an award of punitive damages is warranted.

99. Plaintiff is informed and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and was subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## EIGHTH CAUSE OF ACTION

## WRONGFUL FAILURE TO HIRE

## IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

100. Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

101. At all times relevant to this action, Plaintiff was employed by Defendant.

102. At all times relevant to this action, Defendants were employers who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

103. At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE § 12940(a), 12926(b), 12926(m), and 12941, because of Plaintiff's age, disability, and/or being perceived as disabled, and need for reasonable accommodations.

104. At all times relevant to this action, Defendant unlawfully discriminated and retaliated against Plaintiff, as previously alleged, on the basis of his age, disability, and/or being perceived as disabled, need for reasonable accommodations, by failing to hire Plaintiff for any other positions with Defendant.

105. Defendant was substantially motivated to not hire Plaintiff on the basis of his age, disability, taking a medical leave of absence, and needing reasonable accommodations, as previously pled herein.

106. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and

LIMONJYAN LAW GROUP

Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

107. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

108. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

109. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as its unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. Defendant also acted fraudulently, as it willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

110. Plaintiff is informed and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and was subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

**<u>NINTH CAUSE OF ACTION</u>**

**WILLFUL FAILURE TO PAY WAGES IN VIOLATION**

**OF CALIFORNIA LABOR CODE §§ 201 AND 203**

111. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set forth herein.

112. CAL. LAB. CODE §201 requires an employer who discharges an employee to immediately pay the employee's entire earned wages. CAL. LAB. CODE §203 prohibits employers from willfully refusing to pay earned wages when they become due, and subjects them to penalties that

LIMONJYAN LAW GROUP

accrue for up to 30 days from the violation. Defendant willfully failed to pay Plaintiff's earned wages when they became due and owing.

113. As a direct and proximate result of Defendant's willful failure to pay Plaintiff's accrued vacation wages, Plaintiff is entitled to $6,286.00 (200 hours x $31.43) in vacation pay and more than $7,543.20 in wait time penalties, calculated based on 30 days of Plaintiff's regular workday with a base pay of $31.43 per hour (i.e., 30 days x [($31.43 per hour x 8 hours per day)] totaling $13,829.20.

## PRAYER FOR RELIEF

WHERFORE, Plaintiff FRANK SURRELL, prays for judgment against Defendant ALBERTSON'S LLC, and DOES 1 through 20, as follows:

1. Past and future economic and non-economic damages according to proof;
2. Pre-judgment interest, post-judgment interest, costs of suit and attorney's fees according to proof;
3. Injunctive relief prohibiting Defendants from engaging in similar unlawful conduct as complained of herein, and ordering Defendants to establish effective preventive mechanisms to ensure that the conduct complained of herein does not continue in the future;
4. Declaratory relief that Defendants' conduct as complained of herein was a violation of Plaintiff's rights;
5. Unpaid and owing wages;
6. Statutory and civil penalties
7. Punitive damages; and
8. All other relief that the Court deems just and proper.

///

///

///

///

///

///

LIMONJYAN LAW GROUP

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims as provided by California law.

Dated: April 10, 2023

**LIMONJYAN LAW GROUP, APC**

By: ______________________

Ruben Limonjyan, Esq.
Zara Arakelyan, Esq.
Attorneys for Plaintiff,
FRANK SURRELL